# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

STATE OF FLORIDA

    Plaintiff                                      Case No. 6:23-CV-336-CEM-DCI

vs.

MOLIERE DIMANCHE

Defendant.

_____/

## MOTION TO DISMISS CRIMINAL PROSECUTION

    COMES NOW, Defendant, MOLIERE DIMANCHE, and hereby moves for a dismissal of the criminal prosecution set forth in the charging Information [Doc. 23]. In support thereof, the Defendant relies upon the following:

## FACTS

    The Information charges two offenses: (i) Grand Theft 1st Degree and (ii) Unlawful Filing of False Documents or Records Against Real or Personal Property.

## ARGUMENT

**1. Grand Theft First Degree**

    A. <u>Burden of proof</u>: The Plaintiff has the burden of production to come forward with facts demonstrating a prima facie case. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

B. <u>Elements</u>: The Plaintiff must allege that the Defendant:

(i) knowingly obtained or used, or endeavored to obtain or to use, the property of another with intent to, either temporarily or permanently deprive the other person of a right to the property or a benefit from the property; (ii) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

C. <u>Elements not supported by Information</u>:

**element (i)**: The Information does not allege that Julia L. Frey[1] is the prescribed "other person", nor does the Information allege that Julia L. Frey was the victim of a crime at all.

**element (ii)**: The Information fails on this element because it failed on the initial element. The "appropriation" of property is a direct result of depriving "the other person of a right to the property or a benefit from the property."

Absent the Defendants's actual knowledge of Julia L. Frey's alleged interest in the property, a prosecution cannot establish criminal culpability against the Defendant because he would have to knowingly appropriate property belonging to Frey.

---

[1] While the charging Information was filed on behalf of the Cicero B. Greathouse and Qurentia P. Throm Revocable Trust, the Memorandum relied on by the Plaintiff states "Frey wishes to press charges" as the basis of the prosecution. The Information should be consistent with the probable cause affidavit, but it does not identify "Frey" (Julia L. Frey) in any capacity.

## 2. Unlawful Filing of False Documents or Records Against Real or Personal Property

A. <u>Burden of proof</u>: The Plaintiff has the burden of production to come forward with facts demonstrating a prima facie case. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

B. <u>Elements</u>: The Plaintiff must allege that the Defendant: (i) filed or directed a filer to file an instrument; (ii) At the time, the defendant had the intent to defraud or harass another; (iii) The instrument contained a materially false, fictitious, or fraudulent statement or misrepresentation that purported to affect an owner's interest in the property described in the instrument.

C. <u>Elements not supported by Information</u>:

**element (ii)**: The Information cannot prevail on this element because the prosecution would be required to demonstrate fraud or harassment. Between October 27th, 2022 and November 10th, 2022, the time period set forth in the charging Information, the Defendant would have to have defrauded or harassed another in order for the Information to succeed. The Plaintiff relies on a warranty deed[2] to prove this allegation. The Defendant was both the grantor and grantee in the deed, and never purported to act on behalf of another. He never forged any documents nor did the Defendant make any attempts to do so. The warranty deed is

---

[2] The warranty deed is the only document filed by the Defendant in the time period established in the charging Information.

not evidence of fraud, and it is not reasonable to believe the Defendant harassed anyone. Qurentia Throm[3] was the actual trustee of record regarding the property, not Julia L. Frey and it is not reasonable to believe the Defendant harassed or defrauded a person who is deceased.

While Julia L. Frey is identified as the individual who decided to press charges in the arrest warrant, it is an undisputed fact that during the time period set forth in the charging Information, Julia L. Frey had no connection to the property at all in any publicly recorded documents. Subsequently, it is not reasonable to believe she was the target of fraud or harassment at the fault of the Defendant. Further, Frey was not mentioned in the warranty deed at all, specifically because no one knew of her alleged connection to the property.[4] Subsequently, it is unreasonable to believe the warranty deed was designed to affect her in any way. The prosecution cannot succeed as to this element.

      **element (iii)**: The Information fails on this element because of the specific circumstances leading up to the recording of the deed. It is an undisputed fact that the property in question was titled to "Qurentia P. Throm as trustee of the Cicero B. Greathouse and Qurentia P. Throm Revocable Trust". Mrs.

---

[3] Mrs. Throm passed away on April 7th, 2022, 203 days prior to the time period identified in the charging Information.

[4] The Orange County Comptroller's website lists all parties involved in every filing. The website lists three parties regarding the recording of the warranty deed: 1) Moliere Dimanche 2) Qurentia Throm and 3) The Cicero B. Greathouse and Qurentia Throm Revocable Trust.

Throm passed away on April 7th, 2022[5]. During the time period described in the charging Information, the property in question was still titled to "Qurentia P. Throm as trustee of the Cicero B. Greathouse and Qurentia P. Throm Revocable Trust". After her passing, the home remained empty and unoccupied. Subsequently, affecting the interest of Mrs. Throm had not been possible for 203[6] days, as she had passed away. The charging Information fails on this element.

### 3. Intentional omission of "Frey" from charging Information

#### A. *Actus Reus* Manipulation:

**change in victim:** The Memorandum relied upon by the Plaintiff incorporates the arrest affidavit wherein Julia L. Frey stated that she wished to press charges[7] against the Defendant. After a charging decision was made, Julia L. Frey was no longer mentioned, and is not mentioned in the charging Information. While this change of the victim distorts the harmony between the probable cause sought for the initial arrest and the allegations within the charging Information, this change instantly causes the Information to fail. This change was

---

[5] 203 passed between the passing of Mrs. Throm and the time period identified in the charging Information.

[6] On May 17th, 2022, the Last Will and Testament of Mrs. Throm was deposited for safekeeping with the Orange County Clerk of Court and it bequeathed the residue of the estate to the "trustee" of her trust. 163 days later, the "trustee" was still Mrs. Throm, according to the Orange County Property Appraiser's records.

[7] Julia L. Frey had previously attempted to press charges for the same allegations on November 10th, 2022 but Orlando Police declined, after initially arresting the Defendant, concluding that no crime had been committed.

calculated because there was no probable cause to arrest the Defendant[8], and because Frey's flouting of the Florida Probate Code questions the validity of her claim to be successor trustee to the Cicero B. Greathouse and Qurentia P. Throm Revocable Trust[9]. In order to prosecute the Defendant by any means, the charging Information asserts that the Defendant targeted the trust as an entity, deliberately omitting Julia L. Frey from the equation altogether. This prosecution essentially manufactured a crime against the trust as an entity because listing Frey as the victim would cause the prosecution to fail given the handling of the probate matters concerning Mrs. Throm, and the fact that the probable cause affidavit was missing so many pages, it did not contain enough information to establish probable cause for a crime designed to target Frey as the victim.

### 4. Malicious Arrest Affidavit

   A. *No Probable Cause*:

   **missing pages:** The affidavit that was used to establish probable cause for the arrest of the Defendant began in the middle of a random sentence. While deficient, this appears to be intentional.[10] It is abundantly clear

---

[8] This prosecution essentially is an effort to rewrite the affidavit used to secure the Defendants arrest because the missing pages in the affidavit makes it impossible to reconcile the affidavit with the Information.

[9] Florida Statute 736.0105(2)(n) puts Frey's alleged position as trustee in doubt. It is undisputed that a Notice of Trust was not filed regarding the probate of Qurentia P. Throm in case 2022-CP-001709-O.

[10] It appears this omission was intentional because the language of the affidavit not only contains precise diction used almost exclusively by attorneys, it contains an excerpt from the trust instrument drafted by Julia L. Frey, which indicates that Frey was actually allowed to draft the affidavit herself.

that the affidavit was presented to the Orange County Clerk of Court this way, and resulted in an arrest warrant being issued for the Defendant. While the affidavit resulted in the procuring of an arrest warrant, it did not establish probable cause to arrest the Defendant. The affidavit alleges that the Defendant used "the deceased person's[11] information for financial gain for property valued over $100,000" but provides no details as to what "information" was used, how that "information" was used, or how the use of the "information" resulted in the alleged financial gain. The affidavit states "The Warranty Deed was proven to be fraudulent" but does not state how it was proven to be fraudulent. Nothing in the affidavit alleges that the Defendant fraudulently purported to act on behalf of anyone other than himself.

B. *Julia L. Frey Wrote the Affidavit*:

**pasted text:** It is obvious that Julia L. Frey has been allowed to usurp the authority of law enforcement after they told her to leave the residence at 921 S. Mills Avenue on November 10th, 2022. The arrest affidavit is pasted text from the "Fourth Amendment To and Restatement of" the trust belonging the Qurentia P. Throm. The arrest affidavit is not a simple instance of plagiarism, it is a draft composed by someone who has access to an editable document contains the trust instrument. At least 150 words from the arrest affidavit were in the exact same sequence and format as the same 150 words in the trust instrument. The odds of a neutral law enforcement officer reiterating the exact same words from a trust

---

[11] The affidavit does not allege who the "deceased person" is.

document in an independent investigation are unrealistic. The most telling signs that the text was pasted from an editable file is the fact that a semicolon is unnecessarily placed behind "2019" in the arrest affidavit. The arrest affidavit reads:

> "...CICERO B. GREATHOUSE passed away on October 16, 2019; and the surviving Grantor, QURENTIA P. THROM, had the reserved right to amend the Trust."

The trust instrument reads:

> "...CICERO B. GREATHOUSE passed away on October 16, 2019; [and] the surviving Grantor, QURENTIA P. THROM, ha[d] the reserved right to amend the Trust"

The semicolon as it appears in the arrest affidavit is out of context and inappropriately placed. This indicates that the affidavit was not prepared in the course of fact finding, but composed as a matter of copying and pasting the text.

Julia L. Frey essentially turned the trust instrument into an arrest warrant after Orlando Police Department advised her that they would not be investigating the Defendant for a crime. This explains the deliberate removal of the first two pages of the affidavit that would display a cover page typically used by police to

organize the facts of the incident and an initial statement that affidavit was under oath. The affidavit does not contain an initial statement attesting to whether or not Frey, or any affiant, were under oath.

Another telling sign that Frey authored the affidavit is the open admission to misuse of the DAVID system. The Driver and Vehicle information Database has always been susceptible to misuse, however, it does not maintain death records[12].

**affidavit not sworn and attested to:** The affidavit does not contain real signatures. Florida Statute 92.525(2) requires written signatures in order to verify an affidavit. There is no provision that allows for electronic signatures. The signatures of both Detective Takela Jackson and Sergeant Richard Carpenter were typed. The document purports to have been sworn to under oath in the presence of Richard Carpenter, and that officer is not a notary public in the State of Florida. Even if he was, such a fixture of his signature would be a prohibited act set forth in Florida Statutes 117.107(2) as he would be required to be registered online as an online notary public to perform an electric or online notary. He is not.

According to Attorney General Ashley Moody's office, "law enforcement officers as defined by s. 943.10, F.S., are not empowered by Ch. 83-147, Laws of Florida, to administer oaths to persons signing complaints and affidavits in

---

[12] Both Mrs. Throm and her husband passed away from cancer, and it is unclear why the DAVID system would be used to verify this information when the Florida Department of Law Enforcement has other methods police can use for this purpose.

connection with and as the initial step in or part of a criminal proceeding or prosecution for a misdemeanor or felony or for the issuance of an arrest warrant or to execute the required jury on accusatory or charging documents or instruments." Essentially, the affidavit is not verified or recognized by the laws of Florida nor the laws of the United States, and should not have served as the basis to find probable cause, nor an arrest warrant.

### 5. Reconciliation with the Doctrine of Mens Rea

#### A. *Frey had no connection to the property*:

**Defendant's intent:** At some point, the prosecution would have to reconcile the allegations with the truth regarding the circumstances in the time period identified in the charging Information and the Defendants intentions. Julia L. Frey never had a connection to the property. Julia L. Frey never had a connection to the trust[13]. Frey was not identified in the property appraiser's records at all. Frey did not live at the residence. Frey was not listed as trustee with the property appraiser at the time the Defendant took possession of the property.

These undisputed facts pose the most reasonable question: would the Defendant have done the same thing if the property were in the custody of any person who was not deceased[14]? And the answer is clearly, no. The warranty deed

---

[13] Frey was identified in the Last Will and Testament of Qurentia P. Throm as personal representative but the Will was never admitted to probate, and a personal representative was never appointed.

[14] This question is critical and goes beyond Julia Frey as the Defendant pursued an adverse possession claim for a property that was abandoned and unoccupied for six months.

was recorded weeks before Frey entered the picture and any criminal culpability regarding the deed is nonexistent pertaining to Frey as the victim. The property appraiser did not detect Julia L. Frey when the deed was recorded, and Orlando Police did not find any records relating to Frey on November 10th, 2022 and subsequently told her to leave. This is because no reasonable person would have known anything about her alleged connection to the property. Subsequently, this prosecution cannot be reconciled with criminal culpability.

### 6. Impropriety and Undisclosed Personal Relationship with Prosecutor

A. *Public Faith in Process*:

**Impropriety:** Julia L. Frey has been allowed to weaponize the system against the Defendant in ways the general public would think to be impossible. She has a personal relationship with the prosecutor, Richard I. Wallsh and has known him for years. This relationship was not disclosed before Wallsh signed the charging Information after enhancing the charges against the Defendant. On its face, this prosecution is improper and the reasonable person would interpret the prosecution as nothing less than a bribe or a favor.

The picture of both Frey and Wallsh together at a photoshoot was designed to be intimidating. On its face, it establishes that all of the people standing behind Mr. Wallsh are off limits. Any challenge to them will be met with the full force of the government, and this prosecution gives credence to that logic, in addition to

many conspiracy theories about wealthy people who are above the law. There are no black people in the photo, and that is by design.

### 7. Right to Fair Housing

A. *The Prosecution itself is a Civil Rights violation based on race*:

**Adverse Possession:** The Defendant's pursuit of housing has been deemed criminal, and this is unconstitutional. At every stage of this ordeal, both the Defendant and Julia L. Frey did the same things, but one person was deemed a criminal, and the other was deemed a victim. The Defendant pursued a property left abandoned in the wake of the passing of Qurentia P. Throm. Julia L. Frey pursued a property left abandoned in the wake of the passing of Qurentia P. Throm. The Defendant recorded a claim to the property. Julia L. Frey recorded a claim to the property. While the law favored the Defendant's efforts and his notification of the relevant agencies of the passing of Mrs. Throm, Frey's ability to manipulate the system proved more effective. The Defendant followed the law regarding the legal requirements to record a deed in Florida and was arrested for a crime, while the government broke the law[15] to pass title to Frey.

Both common law and Florida law regarding adverse possession allow for anyone to make a claim to property that they put to use in good faith. The Defendant was entitled to all of the protections guaranteed to a civilian inside of

---

[15] The Defendant's Warranty Deed met the formalities set forth in Florida's real property laws, but title was passed to Frey based on a "miscellaneous deed" that has no definition within Florida law.

his home, no matter what length of time he resided there. The only reason the Defendant was subject to the usurpation of his home is because Julia L. Frey knew she could get away with doing it to a black man who has no rights.

## CONCLUSION

The charging Information fails due to the inconsistencies with the probable cause affidavit, and the elements of the offenses charged are not supported by the Information. The prosecution cannot establish *Actus Reus* because the timeline is inconsistent with a reasonable person's awareness of Julia L. Frey's alleged interest in the home or capacity as an alleged trustee. Frey's undisclosed personal relationship with the prosecutor and privileged ability to write the arrest affidavit is discriminatory, vindictive and impossible to reconcile with due process. The use of these efforts to usurp the Defendant's home was a violation of his right to Fair Housing and the prosecution itself in unconstitutional. For these reasons, the criminal prosecution should be dismissed and the Defendant forever discharged from the allegations.

## RULE 3.01(g) CERTIFICATION

On March 9th, 2022, after many attempts to meet with Richard I. Wallsh in person at the State Attorney's Office, The Defendant contacted Mr. Wallsh by email and did not receive a response. On March 10th, 2022, the Defendant made another attempt to confer with Mr. Wallsh by email

and received no response. As of this submission, the Defendant has not received a response from Mr. Wallsh.

_____

**MOLIERE DIMANCHE.**

3200 N. Hiawassee Road,

#682362

Orlando, Florida 32868

Telephone: (407) 639-3034

Email: moliereexpressions@yahoo.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of this Motion has been emailed to rwallsh@sao9.org, and a true and correct copy of the foregoing has been furnished by U.S. Mail, this 13th day of March, 2023, to:

**Richard I. Wallsh**

Office of the State Attorney

415 N. Orange Avenue

Orlando, Florida 32801

_____

MOLIERE DIMANCHE.

3200 N. Hiawassee Road,

#682362

Orlando, Florida 32868

Telephone: (407) 639-3034

Email: moliereexpressions@yahoo.com